## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MARGARET E. TAYLOR**                                            **CIVIL ACTION**

**VERSUS**                                                                        **NO. 24-184-SDD-RLB**

**PETSMART, LLC, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 3, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARGARET E. TAYLOR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-184-SDD-RLB** |
| **PETSMART, LLC, ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Leave of Court to File First Supplemental and Amending Complaint ("Motion for Leave to Amend") (R. Doc. 7) and Motion for Remand (R. Doc. 8). The motions are opposed. (R. Doc. 18).

The Court considers the foregoing motions together because they raise overlapping issues.

**I.    Background**

On or about June 6, 2023, Margaret E. Taylor ("Plaintiff) filed this action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendants PetSmart LLC ("PetSmart"), Jane Doe, Janice Doe, and ABC Insurance Company. (R. Doc. 1-1, "Petition"). Plaintiff is seeking to recover damages allegedly incurred when she slipped and fell at a PetSmart location "due to a piece of cardboard box that was left on the floor by PetSmart employees, Jane Doe and/or Janice Doe." (R. Doc. 1-1 at 4). Among other things, Plaintiff alleges that "PetSmart, Jane Doe, and Janice Doe are legally liable to plaintiff for all of her damages suffered as a result of the [slip and fall] pursuant to Louisiana Revised Statute 9:2800.6, Louisiana Civil Code articles 2315, 2316 and any and all other applicable law." (R. Doc. 1-1 at 4).

1

PetSmart removed the action on the basis that the Court can exercise diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). The Notice of Removal provides that Plaintiff is a citizen of Louisiana, PetSmart is a citizen of Delaware and Arizona, and the citizenship of the fictitious defendants should be ignored for determining diversity jurisdiction. (R. Doc. 1 at 2-3).

Plaintiff now seeks to amend the Petition to identify "Jane Doe" as Dana Andrus ("Andrus") and "Janice Doe" as Taaryon Johnson ("Johnson"). (R. Doc. 7). In the proposed First Supplemental and Amending Complaint, Plaintiff asserts that both Andrus and Johnson are domiciled in, and therefore citizens of, the State of Louisiana. (*See* R. Doc. 7-2). The proposed amended pleading does not otherwise modify the substantive allegations in the original Petition filed in State court. In the separately filed Motion to Remand, Plaintiff asserts that post-removal joinder of these non-diverse defendants, and remand after amendment, is proper under 28 U.S.C. § 1447(e). (R. Doc. 8).

PetSmart opposes both amendment and remand, arguing that Plaintiff cannot state a claim against Andrus and Johnson, and that amendment is otherwise improper given the factors considered with respect to the post-removal addition of non-diverse defendants. (R. Doc. 18). PetSmart first argues that federal district courts in Louisiana (as well as the Fifth Circuit) have wrongly concluded that "an employee's personal involvement in causing the alleged injury or the employee's knowledge of the dangers present could give rise to a personal duty" despite the enactment of Louisiana's Merchant Liability Act, La R.S. 9:2800.6, and Louisiana Civil Code article 2317.1. (R. Doc. 18 at 3-10). PetSmart then argues that any duty owed by the individual employees to Plaintiff would be limited to the duties owed by PetSmart, and that the individual employees did not breach any such duties. (R. Doc. 18 at 10-17). Finally, PetSmart argues that

2

the factors considered by courts when determining whether to allow post-removal amendment to add non-diverse defendants weigh against amendment. (R. Doc. 18 at 17-25).

## II. Law and Analysis

### A. Legal Standards

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, after the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citations omitted). The "futility" of amendments to a complaint is measured by whether "the amended complaint would fail to state a claim upon which relief could be granted" under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* at 873 (citations omitted).

3

Since joinder of a nondiverse defendant after removal would destroy diversity jurisdiction and require remand, a court has discretion to permit or deny joinder. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). When an amendment seeks to add a nondiverse party that would destroy jurisdiction altogether in a removed action, the court must balance the factors as set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). The court should "scrutinize that amendment more closely than an ordinary amendment" and should generally consider four factors to determine whether the amendment is appropriate: "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities." *Id.* at 1182. If the court permits the addition of a nondiverse defendant, it must remand the action to the state court. *Id.*

**B.  Analysis**

    **1.  The First *Hensgens* Factor**

The first factor for consideration is the extent to which the purpose of the amendment is to defeat federal jurisdiction. In determining the plaintiff's purpose for amendment, courts will consider "(1) whether the plaintiff knew the identity of the non-diverse defendant when the state court petition was filed and (2) whether the plaintiff has stated a valid claim against the nondiverse defendant." *Casey v. B H Mgmt. Servs. Inc.*, No. 18-00947, 2021 WL 6077623, at *3 (W.D. La. Apr. 22, 2021) (citing cases). In this case, there is no dispute that Plaintiff did not

4

know the identity of the PetSmart employees at the time the action was filed in State court.[1] That Plaintiff is seeking to identify the fictitious Jane Doe and Janice Doe defendants after the filing of the Petition supports a finding that the purpose of amendment is not to destroy diversity, but simply to identify already named alleged tortfeasors. *See Butler v. Haier US Appliance Sols., Inc.*, No. 22-1088, 2023 WL 8587282, at *3 (M.D. La. Nov. 7, 2023), *report and recommendation adopted*, 2023 WL 8548450 (M.D. La. Dec. 11, 2023). "In determining whether a plaintiff has stated a 'valid claim' under the first *Hensgens* factor, courts ask whether the plaintiff's cause of action is 'facially valid' or 'valid as a matter of law.'" *Agyei v. Endurance Power Prod., Inc.*, 198 F. Supp. 3d 764, 771 (S.D. Tex. 2016) (citations omitted).

Accordingly, the Court will turn to whether Plaintiff has stated a valid claim against the proposed defendants.[2] If so, then "the principal purpose of the amendment was not to defeat federal jurisdiction." *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991); *see also Cinco Bayous, LLC v. Samson Expl., LLC*, No. 19-452, 2020 WL 4922329, at *3 (E.D. Tex. Aug. 20, 2020) ("[W]hen a plaintiff states a valid claim against a defendant, it is unlikely that the primary purpose of bringing [that defendant] into a litigation is to destroy diversity jurisdiction.") (citations omitted).[3]

---

[1] The Court is aware that Plaintiff learned the identities of the PetSmart employees after the filing of the Petition, but prior to removal. The Court will discuss below, in the context of evaluating the timing of the sought amendment, whether Plaintiff was dilatory in seeking to name these individuals given the pre-removal discovery conducted.
[2] Defendant argues that the Court should apply the "improper joinder" doctrine to determine whether Plaintiff has stated a valid claim. (*See* R. Doc. 18 at 21-25). On the contrary, an "improper joinder" analysis applies only where a non-diverse defendant is joined prior to removal. *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) ("The [improper] joinder doctrine does not apply to joinders that occur *after* an action is removed."). Accordingly, the Court will evaluate the instant post-removal amendment under 28 U.S.C. § 1447(e) and the *Hensgens* factors.
[3] Some courts "have treated the determination of whether a colorable claim has been stated as analytically preceding review of the *Hensgens* factors." *Richter v. Kroger Texas LP et al.*, No. 23-829, 2024 WL 3390619, at *2 (W.D. La. May 15, 2024) (citing *Martin v. Walmart, Inc.*, No. 22-0256, 2022 WL 2253797 (W.D. La. May 26, 2022), *report and recommendation adopted* 2022 WL 2253303 (W.D. La. June 22, 2022)). Here, the Court finds it appropriate to consider the validity of Plaintiff's claims in the context of the first *Hensgens* factor.

Plaintiff asserts that she "clearly stated a cause of action against the two unknown defendants-employees in her original Petition for Damages that, as alleged, shows a breach of a duty of care to Plaintiff where the breach as alleged was through the two defendants-employees' **own fault and lack of ordinary care**." (R. Doc. 8-2 at 5) (emphasis by Plaintiff). In other words, Plaintiff in part argues that she has a valid claim against Andrus and Johnson based on a breach of their general duties to third parties. The Court recognizes, however, that Plaintiff also relies on propositions and case law applying the multi-factor test to determine potential employee liability under the Louisiana Supreme Court decision *Canter v. Koehring*, 283 So. 2d 716 (La. 1973), *superseded on other grounds by statute*, La. R.S. 23.1032 (1998). (R. Doc. 8-2 at 4-5) (citing *Moore v. Manns*, 732 F.3d 454, 456-57 (5th Cir. 2013) ("Under Louisiana law, an employee is personally liable if (1) the employer owes a duty of care to a third person; (2) the employer delegated that duty to a defendant-employee; (3) and the defendant-employee breached the duty through his own fault and lack of ordinary care.") (citing *Canter*, 283 So.2d at 721 (La. 1973); *Mathes v. PNK (Baton Rouge) P'ship*, No. 17-392, 2017 WL 5762434, at *5 (M.D. La. Nov. 6, 2017) ("This Court has previously held that, 'Under Louisiana law, an employee's personal involvement in causing the alleged injury or the employee's knowledge of the dangers present could give rise to the personal duty contemplated by *Canter*.'") (citation omitted), *report and recommendation adopted*, 2017 WL 5760882 (M.D. La. Nov. 28, 2017)).

In *Canter*, the Louisiana Supreme Court held that an employee can be held personally liable for injuries to third persons where: (1) the employer owed a duty of care to the third person, breach of which caused the damage for which recovery is sought; (2) that duty was delegated by the employer to the defendant; (3) the defendant employee breached his duty

6

through personal (not technical or vicarious) fault; and (4) the employee had a personal duty toward the injured third party, the breach of which specifically caused the third party's damages. *Canter*, 283 So. 2d at 721. In addition, personal liability cannot be imposed upon the employee simply because of his general administrative responsibility for some function of employment. *Id*. In short, the *Canter* decision held that where an employer delegates its duties owed to third parties to an individual officer, agent, or employee, the breach of that delegated duty by the individual officer, agent, or employee can give rise to a cause of action by an injured third party. The *Canter* decision did not, however, preclude an action by an injured third party against an individual officer, agent, or employee who allegedly breached a general personal duty outside of the employment or agency relationship.

Federal courts have allowed plaintiffs to amend pleadings post-removal to raise plausible claims against individual employees where the employee is "the actual tortfeasor." *See Butler*, 2023 WL 8587282, at *4, *report and recommendation adopted*, 2023 WL 8548450 (allowing amendment, and remanding action, where the plaintiff identified the non-diverse technician who failed to fully turn off a water valve during a service call, causing damage to the plaintiff's home) (citing *Haynes v. Healthcare Servs. Grp., Inc.*, 13-649, 2014 WL 2769080 (M.D. La. May 30, 2014), *report and recommendation adopted*, 2014 WL 2768814 (M.D. La. June 18, 2014) (case remanded to state court where cause of action existed against employee when he sprayed something on the floor that caused the plaintiff's fall); *Angeron v. Big Lots Stores, Inc.*, No. 20-1001, 2020 WL 2060353 (E.D. La. Apr. 29, 2020) (where employee personally participated in building a structure that caused a plaintiff harm, plaintiff held a cause of action against the employee personally and remand was required); *George–McGee v. Wal–Mart Stores, Inc.*, No. 90–2788, 1991 WL 2701, at *2 (E.D. La. Jan. 9, 1991) (allegation of employee "operating the

steel dolly which allegedly struck the plaintiff from behind" was "sufficient to state a claim" and require remand to state court)).

In opposing a finding that Plaintiff can assert a valid claim against Andrus and Johnson, Defendant argues that Louisiana's Merchant Liability Act[4] and Louisiana Civil Code article 2317.1[5] are the only sources of law under which the defendants can be liable and potential liability under *Canter* does not apply to these statutes. (R. Doc. 18 at 3-10). Defendant asserts that "when combined with the doctrine of *respondeat superior*," a finding of *Canter* liability with respect to a merchant's employee "would result in the merchant being held liable for actions of its employees that fall outside those clear limitations as it permits a plaintiff to bring claims of general negligence against the merchant's employees, for which the merchant would then be vicariously liable." (R. Doc. 18 at 8-9).

Defendant's argument fails for several reasons. Foremost, various decisions have found that a merchant's employee may be liable for his or her own negligence resulting in a customer's slip and fall. *See*, *e.g.*, *Richter v. Kroger Texas LP et al.*, No. 23-829, 2024 WL 3390619 (W.D. La. May 15, 2024) (allowing amendment to name non-diverse employee in place of "John Doe" defendant where the plaintiff sought to hold him liable for claims pursuant to Louisiana Civil Code Articles 2315, 2316, 2317, 2317.1, and La. R.S. 9:2800.6); *Mitchell v. Wal-Mart Stores, Inc.*, No. 15-2506, 2016 WL 447721 (W.D. La. Feb. 4, 2016) (allowing amendment to non-

---

[4] Under Louisiana's Merchant Liability Act, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. R.S. 9:2800.6(A). "This statute 'establishes a plaintiff's burden of proof in slip and fall incidents on a merchant's premises due to a hazardous condition in or on the premises.'" *Fountain v. Wal-Mart Louisiana, LLC*, No. 23-71, 2024 WL 2750929, at *2 (M.D. La. May 29, 2024) (quoting *Bailey v. RaceTrac Petroleum, Inc.*, No. 20-303, 2021 WL 1792081, at *2 (M.D. La. May 5, 2021)).
[5] *See* La. Civ. Code art. 2317.1 ("The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.").

8

diverse employee in place of "John Doe" defendant who allegedly struck plaintiff in the face with a clothes rack); *Stone v. Walmart, Inc.,* No. 23-2773, 2024 WL 1093115, at *4 (E.D. La. Mar. 13, 2024) (dismissing claim against Walmart manager by applying *Canter* analysis to La. R.S. 9:2800.6, concluding that the plaintiff failed to allege that he breached any duty through "personal fault" as required under the third and fourth *Canter* criteria); *see also Robinson v. Wal-Mart Stores, Inc.*, No. 15-6871, 2016 WL 1572078, at *4-5 (E.D. La. Apr. 19, 2016) (denying motion to remand because non-diverse Wal-Mart employee was improperly joined where the plaintiffs did not allege that the employee "owed them a personal, independent duty, the breach of which" caused the slip and fall, and otherwise failed to allege that Wal-Mart delegated its own duties "owned to third-party patrons as a merchant under Louisiana law" to the employee). In contrast, PetSmart fails to identify any decisions adopting its theory that no such liability can attach despite "an employee's personal involvement in causing the alleged injury or the employee's knowledge of the dangers." (*See* R. Doc. 18 at 6-7).

Indeed, courts have specifically held that while La. R.S. 9:2800.6 applies generally to "slip and fall" or "trip and fall" cases, "if a customer slips or trips and falls because of the direct and simultaneous negligence of a store employee, the burden of proof under ordinary negligence principles is applicable to the employee – not the burden of proof under La. R.S. 9:2800.6." *Johnson v. Brookshire Grocery Co.*, No. 23-00168, 2023 WL 6234343, at *2 (W.D. La. Sept. 5, 2023) (citing *Littleton v. Wal-Mart Stores, Inc.*, 747 So.2d 701, 703 (La. App. 3d Cir. 1999), *writ den.*, 2000-0804 (La. 2000)), *report and recommendation adopted*, 2023 WL 6248005 (W.D. La. Sept. 25, 2023). "Thus, under Louisiana law, an individual employee may be liable to a third person if the plaintiff can prove that the employee breached a personal duty to that third person." *Johnson*, 2023 WL 6234343, at *2 (citing *Canter*, 283 So, 2d at 721).

9

Moreover, the Fifth Circuit has observed, in the context of evaluating potential *Canter* liability, that "[i]f the elements for imposing individual liability on the corporate employee are met, it does not matter that the corporation might also be liable." *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994) (citing *H.B. "Buster" Hughes, Inc. v. Bernard,* 318 So.2d 9, 12 (La. 1975)). Indeed, Louisiana's Merchant Liability Act is silent with respect to the application of doctrine of *respondeat superior* in the context of the potential personal liability of a merchant's employee. *See* La. R.S. 9:2800.6; *see also* La. Civ. Code art. 2320 ("Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed."). Furthermore, one Louisiana state court has specifically applied the doctrine of *respondeat superior* to hold a merchant liable – notwithstanding Louisiana's Merchant Liability Act – where the plaintiff set forth allegations that the incident resulted from the specific act of the merchant's employee and not solely the conditions of the premises. *Crooks v. Nat'l Union Fire Ins. Co.*, 620 So. 2d 421, 424-425 (La. 3rd Ct. App. 1993)*, writ denied,* 629 So. 2d 391 (La. 1993)*, and writ denied,* 629 So. 2d 392 (La. 1993). But even if the burden of proof under La. R.S. 9:2800.6 applied in this case, the allegations set forth in the pleadings are sufficient to state a valid claim for potential liability notwithstanding the burden of proof required by the statute.

In the proposed amended pleading, Plaintiff seeks to identify Andrus and Johnson as the PetSmart employees who allegedly left "a piece of cardboard box on the floor of the PetSmart Store," and otherwise failed to clean up the allegedly "unreasonably safe condition," which caused Plaintiff's injuries. (R. Doc. 1-1 at 5). Plaintiff specifically alleges that these employes "created the noted hazard by placing and leaving the piece of cardboard box on the floor in a high traffic area." (R. Doc. 1-1 at 2). The proposed amended pleading merely seeks to substitute

10

Andrus and Johnson in place of the fictious names Jane Doe and Janice Doe without any further substantive modification of the allegations. (*See* R. Doc. 7-2).

The Court need not resolve whether the alleged duty breached by Andrus and Johnson was specifically delegated by PetSmart (as required under the *Canter* analysis) or otherwise arises under the general negligence principles of Louisiana law. *See* La. Civ. Code art. 2315 ("Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."); La. Civ. Code art. 2316 ("Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill."). Various courts have distinguished an employee's potential liability based on a delegation of duties as provided in *Canter* and liable based on other theories of recovery, such as Louisiana Civil Code articles 2315 and 2316. *See*, *e.g.*, *Richter*, 2024 WL 3390619, at *2; *see also Gros v. Warren Properties, Inc.*, No. 12-2184, 2012 WL 5906724, at *6 (E.D. La. Nov. 26, 2012) ("[T]he source of the duty and the specific factual inquiry used to determine whether a defendant owed the plaintiff a duty under Article 2315, Article 2317.1, and *Canter* are not identical."). Similarly, the Court need not determine whether, on the merits, Andrus and Johnson are personally liable for their alleged act of placing the cardboard in the aisle or whether PetSmart may ultimately be held vicariously liable in light of such a finding.

Here, the Court concludes that Plaintiff has alleged a valid claim under Louisiana's general negligence principles against the PetSmart employees who allegedly placed a cardboard box in her path, causing her to slip and fall and sustain injuries. "An employee's personal involvement in causing or contributing to the plaintiff's alleged injuries is generally sufficient to state a claim for personal liability." *Smith v. L'Auberge Casino & Hotel Baton Rouge*, No. 22-825, 2024 WL 36008, at *4 (M.D. La. Jan. 3, 2024) (allowing amendment, and remanding

11

action, where the plaintiff identified John Doe casino employees who allegedly moved her after her fall, worsening her injuries); *see also Mathes*, 2017 WL 5762434, at *5 (M.D. La. Nov. 6, 2017) *report and recommendation adopted*, 2017 WL 5760882 (M.D. La. Nov. 28, 2017) (remanding action where non-diverse custodian who mopped floor resulting in slip and fall was not an "improperly joined" defendant). Courts have even held that a supervising foreman or manager with personal knowledge of a hazard is sufficient to establish potential personal liability. *See*, *e.g.*, *Creppel v. Apache Corp.*, No. 04-865, 2004 WL 1920932, at *1 (E.D. La. Aug. 25, 2004) (remanding action where plaintiff alleged non-diverse production foreman had "personal knowledge of the well, that it was unmarked and unlit, and . . . failed to take measures to locate and mark the well or implement procedures or policies to that end."); *Randolph v. Wyatt*, No. 09-2020, 2010 WL 569753, at *5 (W.D. La. Feb. 11, 2010) (remanding action where non-diverse manager "had a direct role in the accident" by asking plaintiff to "come to the right side of the counter to check out" by traversing "a recently mopped floor that had an improperly placed 'wet floor' sign."); *Hayden v. Phillips Petroleum Co.*, 788 F. Supp. 285, 286 (E.D. La. 1992) (remanding action where the plaintiff alleged non-diverse field foreman "had personal knowledge of the condition [of a submerged pipeline] and took no action to remove the hazard").

That the potential defendants in this case have provided deposition testimony in which they testify that they did not, in fact, place the cardboard in the walkway does not resolve the issue of potential liability. To be clear, the deposition testimony does not preclude Plaintiff's potential recovery based on alleged negligence of the individual employees. Indeed, courts have held that "[u]nder the first *Hensgens* factor, the inquiry into the validity of the claim is more lenient than that triggered by a 12(b)(6) motion to dismiss." *Rolls on Behalf of A.R. v. Packaging Corp. of Am.*, No. 18-188, 2018 WL 4869417, at *5 (W.D. La. Aug. 30, 2018), *report and*

12

*recommendation adopted*, 2018 WL 6174169 (W.D. La. Nov. 26, 2018). Even if plaintiff's "use of cursory and formulaic allegations" regarding potential liability "might be insufficient under Rule 12(b) or 12(e) standards," such deficient pleading would fail to preclude a finding of a facially valid claim for the purposes of the *Hensgens* analysis. *Id*. Plaintiff has sufficient alleged a valid claim against Andrus and Johnson in the proposed amended pleading.[6]

For the foregoing reasons, the Court concludes that the first *Hensgens* factor weighs in favor of Plaintiff.

### 2. The Second *Hensgens* Factor

The second *Hensgens* factor considers whether Plaintiff has been dilatory in asking for amendment.

Plaintiff acknowledges that while this action was pending in State court, she obtained responses to written discovery on October 24, 2023 "identifying Holly Smith, Andrus, and Johnson as PetSmart employees who were present at the time of Plaintiff's fall." (R. Doc. 8-2 at 2; *see* R. Doc. 8-5 at 2). Plaintiff further asserts, however, that it was only at Andrus's deposition, taken on March 5, 2024 (the same day this action was removed), that Plaintiff learned "that both Andrus and Johnson were the two PetSmart employees that were in their course and scope of employment with PetSmart on October 31, 2022 and who were aware of a piece of a cardboard box that was left on the floor that Plaintiff later slipped and fell on, all as alleged in the third paragraph of her original Petition for Damages filed on June 5, 2023." (R. Doc. 8-2 at 3).

---

[6] Defendants do not specifically argue that Plaintiff's claims are futile under a Rule 15(a)(2) analysis. That said, and to the extent necessary, the Court concludes that Plaintiff's allegations are sufficient to state a claim for independent negligence on behalf of the named employee-defendants. The Court reaches no conclusion regarding the merits of these claims, including whether PetSmart can be held vicariously liable if the employee-defendants were found to be liable for negligence.

13

"Courts have held that a plaintiff's failure to join a non-diverse defendant to an action prior to removal when such plaintiff knew of a non-diverse defendant's identity and activities suggests that the purpose of the amendment is to destroy diversity jurisdiction." *Schindler v. Charles Schwab & Co., Inc.*, No. 05-0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005); *see also Darr v. Amerisure Ins. Co.*, No. 16-232, 2016 WL 5110267, at *5 (M.D. La. Aug. 31, 2016) ("When analyzing the first *Hensgens* factor, courts within the Fifth Circuit frequently look at whether the plaintiff knew or should have known the identity of the party to be joined and the facts underlying the claim against that party when the state court complaint was filed."), *report and recommendation adopted*, No. 16-232, 2016 WL 5110480 (M.D. La. Sept. 20, 2016) (citing cases).

The record indicates, however, that Plaintiff became aware, on October 24, 2023, of the names of the three PetSmart employees working on the day of the incident. And Plaintiff arguably was aware that the two PetSmart employees at issue were Smith and Andrus based upon Smith's deposition testimony provided on February 27, 2024. (*See* R. Doc. 18-2). But even if Plaintiff could have ascertained that both Smith and Andrus were the employees at issue by February 27, 2024, there was no particular lack of diligence in failing to seek amendment within the week prior to removal on March 5, 2024, the day of Andrus's deposition. (*See* R. Doc. 18-3). Plaintiff timely filed her Motion to Amend after removal on April 4, 2024, approximately one month after learning the identities of the Doe defendants and well prior to the July 31, 2024 deadline set by this Court to seek amendment. (*See* R. Doc. 21).

Accordingly, the Court concludes that the second *Hensgens* factor weighs in favor of Plaintiff.

### 3. The Third and Fourth *Hensgens* Factor

The third *Hensgens* factor – whether the plaintiff would be prejudiced by denying leave to amend – is neutral or weighs slightly in favor of Plaintiff. "In evaluating this factor, courts consider whether the already named diverse defendant would be unable to satisfy a future judgment and whether the plaintiff could recover against the proposed nondiverse defendant." *Cooper v. Toyota Motor Sales, U.S.A., Inc.*, No. 18-1033, 2019 WL 13234722, at *4 (M.D. La. July 16, 2019) (citations omitted). Indeed, "[s]everal decisions from the Western District of Louisiana have denied efforts to add diversity-destroying retail employees of large companies in merchant liability cases" given that the addition of an individual employee "usually adds little additional comfort as far as the ability of the Plaintiff to recover a judgment." *Mayo v. C Cross Transp., Inc.*, No. 18-1040, 2019 WL 2404544, at *7 and n.3 (W.D. La. Feb. 11, 2019). Nevertheless, "considerations of cost, judicial efficiency and possible inconsistency of results militate in favor of not requiring plaintiff[s] to prosecute two separate claims in two forums when both arise from the same set of facts and circumstances." *Joseph v. Fluor Corp.*, 513 F. Supp. 2d 664, 670 (E.D. La. 2007) (quotation omitted).

Here, the Court is aware that Plaintiff, if successful on the claims that Andrus and Johnson are personally liable for negligence, will likely seek any judgment to be paid by PetSmart under a theory of *respondeat superior*. That said, it is possible that PetSmart will seek to defend itself from any such potential vicarious liability by arguing that Andrus and Johnson acted outside of the course and scope of their employment. Considerations of costs, judicial efficiency, and possible inconsistency of results favor a finding of joining Andrus and Johnson as defendants in this lawsuit.

This is especially the case given that Plaintiff has already raised allegations against fictitious version of these individuals, and is now only seeking to identify the actual employees to which the pre-removal allegations attach. This Court has previously found that the fourth *Hensgens* factor – any factors bearing on the equities – weighs in favor of allowing amendment where the plaintiff is seeking "to name a defendant alleged in the original petition in his jurisdiction of choice." *Butler*, 2023 WL 8587282, at *4.

### III.  Conclusion

Having considered the appropriate factors, the Court concludes that amendment should be allowed, and that this matter must be remanded.

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Motion for Leave of Court to File First Supplemental and Amending Complaint (R. Doc. 7) and Motion to Remand (R. Doc. 8) be **GRANTED**, and that this action be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on September 3, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**